**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MOZDZIERZ CONSULTING, INC.
and WILLIAM F. MOZDZIERZ,

       Plaintiffs,

v.

MILE MARKER, INC. and MILE MARKER
INTERNATIONAL, INC.,

       Defendants.

_____/

       Case No. 04-CV-74925-DT

       HONORABLE DENISE PAGE HOOD

## <u>MEMORANDUM OPINION AND ORDER</u>

**I.    BACKGROUND**

Plaintiffs Mozdzierz Consulting, Inc. and William F. Mozdzierz filed the instant action against Defendants Mile Marker, Inc. and Mile Marker International, Inc. alleging a one-count declaratory action pursuant to 28 U.S.C. § 2201. Plaintiffs claim that the 1998 Restrictive Covenant between the parties is no longer enforceable because the parties entered into a January 19, 2005 Settlement Agreement and Mutual General Release extinguishing all contractual obligations between the parties, including the Restrictive Covenant. (First Amended Complaint, p. 5)

On May 14, 1998, Plaintiff William F. Mozdzierz entered into an Agreement with Defendant Mile Marker International, Inc. for Mr. Mozdzierz to act as Defendants' agent to sell Defendants' winch products to the United States Government. (1998 Agreement, ¶ 2) Plaintiff was to receive a five percent (5%) commission upon the net receipts from the sale of the products to the United States government. (1998 Agreement, ¶5) The 1998 Agreement contained a Restrictive Covenant that Plaintiff would not represent or offer for sale in the United States any items of the same or

similar nature as Defendants' winch product during the period of the Agreement and for a period of two (2) years thereafter.  (1998 Agreement, ¶ 7) The 1998 Agreement provides that any dispute between the parties shall be resolved by arbitration before the American Arbitration Association in Fort Lauderdale, Florida.  (1998 Agreement, ¶ 8)

On July 7, 2004, Plaintiffs filed the instant lawsuit in this Court against Defendants seeking to recover unpaid sales commission (Case no. 04-CV-72495-DT).  (First Amended Complaint, ¶ 7) Defendants filed a lawsuit in the Broward County Circuit Court, State of Florida against Plaintiffs seeking to compel arbitration of the sales commission dispute on August 18, 2004.  (First Amended Complaint, ¶ 8) The parties attended a settlement meeting in Florida on November 11, 2004 which resulted in a Settlement Agreement, signed by all the parties.  (First Amended Complaint, ¶ 10) The November 11, 2004 Settlement Agreement provided that a mutual general release will be signed by the parties extinguishing all obligations under the contract and that the Michigan and Florida cases will be dismissed with prejudice upon payment.  (First Amended Complaint, ¶ 10) Before the mutual general release was signed by Defendants, Plaintiffs filed the instant suit on December 17, 2004 seeking an order compelling Defendants to sign the mutual general release.  On January 18, 2005, Defendants' President, Richard Aho, signed a Settlement Agreement and Mutual General Release. (First Amended Complaint, ¶ 11)

On January 19, 2005, Defendants' Florida counsel sent Plaintiffs' counsel a letter indicating that the restrictive covenant in the 1998 Agreement was now in force and Defendants expect that Plaintiffs would refrain from violating it.  (First Amended Complaint, ¶ 13) Defense counsel indicated that the Release executed released only those claims which existed as of the date of the settlement and did not release the claims which arose thereafter.  (First Amended Complaint, ¶ 13)

2

In lieu of an Answer, Defendants filed a Motion to Dismiss on March 31, 2005 arguing that there is no case or controversy which gives the Court subject matter jurisdiction over the Complaint. On April 25, 2005, Plaintiffs filed a First Amended Complaint. On May 3, 2005, Plaintiffs filed a Motion for Summary Judgment on May 3, 2005, arguing that they are entitled to summary judgment on their claim. On May 12, 2005, Defendants filed a Motion to Dismiss the First Amended Complaint. A response brief was filed to the Defendants' Motion to Dismiss the First Amended Complaint and a hearing was held on the matter.

## II.    ANALYSIS

### A.    Standard of Review

A motion to dismiss under Rule 12(b)(1) of the Rules of Civil Procedure based on subject matter jurisdiction can fall into two categories: facial attacks and factual attacks. *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir.1994). Facial attacks question the sufficiency of the pleading. *Id.* Review of such a motion must take the allegations in the complaint as true and construe them in the light most favorable to the nonmoving party. *Id.* A factual attack, however, is a challenge to the factual existence of jurisdiction. *Id.* In considering a motion that questions the factual existence of subject matter jurisdiction, "no presumptive truthfulness applies to the factual allegations" set forth in the pleading. *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir.1990). A court reviewing a factual attack must resolve any factual disputes by weighing the evidence that gives rise to the controversy to determine whether a factual predicate for subject matter jurisdiction does or does not exist. *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir.1990); *Ohio Nat'l Life Ins. Co.,* 922 F.2d at 325. To resolve disputed jurisdictional facts, the Court may, in its discretion, allow affidavits, documents, and even a limited evidentiary hearing. *Ohio Nat'l Life*

3

*Ins. Co.,* 922 F.2d at 325. The party opposing a factual Rule 12(b)(1) motion has the burden of proving jurisdiction and may not rest on factual assertions in its pleadings. *Moir,* 895 F.2d at 269. Rule 12(h)(3) also provides for dismissal "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter ..." Fed. R. Civ. P. 12(h)(3).

Rule 12(b)(6) provides for a motion to dismiss for failure to state a claim upon which relief can be granted. This type of motion tests the legal sufficiency of the plaintiff's Complaint. *Davey v. Tomlinson*, 627 F. Supp. 1458, 1463 (E.D. Mich. 1986). In evaluating the propriety of dismissal under Rule 12(b)(6), the factual allegations in the Complaint must be treated as true. *Janan v. Trammell*, 785 F.2d 557, 558 (6th Cir. 1986). If matters outside the pleading are presented in a Rule 12(b)(6) motion, the motion shall be treated as one for summary judgment under Rule 56(b) and disposed of as provided in Rule 56.

### B.  Declaratory Judgment

The Declaratory Judgment Act is "'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'" *Wilton v. Seven Falls Co.,* 515 U.S. 277, 282 (1995) (quoting *Pub. Serv. Comm'n v. Wycoff Co.,* 344 U.S. 237, 287 (1952)). The Declaratory Judgment Act provides: "In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. The decision to hear a declaratory judgment claim is discretionary. *Found. for Interior Design Educ. Research v. Savannah College of Art & Design,* 244 F.3d 521, 526 (6th Cir. 2001). Federal courts are "empowered to entertain declaratory judgment actions only where a party alleges facts that 'show that there is a substantial controversy, between parties having adverse legal

4

interests, of sufficient immediacy and reality.'" *Id.* (citation omitted).  The Supreme Court in *Preiser v. Newkirk,* 422 U.S. 395 (1975), explained the requirement that a federal court may only address a litigant's claim when there is an actual case or controversy in existence:  The exercise of judicial power under Article III of the Constitution depends on the existence of a case or controversy.  As the Court noted in *North Carolina v. Rice,* 404 U.S. 244, 246 (1971), a federal court has neither the power to render advisory opinions nor "to decide questions that cannot affect the rights of litigants in the case before them."  Its judgments must resolve "'a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'"  *Preiser,* 422 U.S. at 401.

Standing and ripeness are considered separate issues although in practice they involve overlapping inquiries.  *Kardules v. City of Columbus,* 95 F.3d 1335, 1343 (6th Cir. 1996).  If no injury has occurred, a plaintiff could be denied standing or the case could be dismissed as not ripe. *Id.*  The question whether an alleged injury is sufficient to meet the constitutional "case or controversy" requirement is at the heart of both doctrines.  *Id.*  The ripeness doctrine generally applies in cases in which a party seeks a declaratory judgment based on pre-enforcement review of a statute or, in this case, contract provisions.  *Id.*  Whether a case is ripe focuses on two considerations: "the hardship to the parties of withholding court consideration" and "the fitness of the issues for judicial decision."  *Id.* at 1344  (citations omitted).  "Hardship" may be found when enforcement of a statute, here a contract, is inevitable and the sole impediment to ripeness is simply a delay before the proceedings commence.  *Id.*  Generally, a case is ripe where the essential facts establishing the right to declaratory relief have already occurred.  *Wickland Oil Terminals v. Asarco, Inc.,* 792 F.2d 887, 893 (9th Cir. 1986).

In this action, Plaintiffs seek a declaratory judgment that the Settlement Agreement and General Mutual Release entered into between the parties extinguished all obligations under the contract and the 1998 Sales Representative Agreement between the parties, including the Restrictive Covenant. Although Defendants' counsel, in his January 19, 2005 letter to Plaintiffs' counsel indicates that his client, "takes the position that [Plaintiff's] restrictive covenant in the employment contract has now sprung into force and effect by the termination of this employment under the agreement and we expect Mr. Mozdzierz to refrain from violating it," Defendants' counsel did not expressly state they were going to "sue" Plaintiffs. There is no actual threat of litigation in the letter. In addition, Plaintiffs have not shown they have suffered an "injury" in that they have not alleged they have in fact pursued sales representative activities in competition with Defendants. Plaintiffs merely state in their Complaint that "Plaintiffs stand to lose more than $75,000 if they are not permitted to pursue sales representative activities unfettered by the Restrictive Covenant." (First Amended Complaint, ¶ 15) Plaintiffs have not shown that a lawsuit is inevitable and that the sole impediment to ripeness is a delay before Defendants file a lawsuit against them. Courts have declined to issue an advisory opinion where an event has not yet occurred. *See Re/Max Int'l, Inc. v. Smythe, Cramer Co.,* 265 F. Supp. 2d 882, 904, 905 (N.D. Ohio 2003) (The district court declined to issue a declaratory judgment that if the defendants and other brokers joined in a group boycott, this boycott would violate the antitrust laws because that fact had not occurred.).

In insurance cases, an insurance company may bring a declaratory judgment action to determine the meaning of an insurance provision. *See Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227 (1937). However, it is just as clear that there must be a "real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion

6

advising what the law would be upon a hypothetical set of facts." *Id.* at 241. In this case, Defendants have not filed an action against Plaintiffs to enforce the 1998 Sales Representative Agreement and Plaintiffs have not alleged they are seeking representative contracts with others which may compete with Defendants' business. This case is similar to the case cited by Defendants, *Bruhn v. STP Corp.,* 312 F. Supp. 903, 905-07 (D. Colo. 1970), where the court found that the complaint did not state a case or controversy based on the facts that the plaintiffs had not yet accepted competitive employment and none of the parties had pursued a course of conduct that would necessarily lead to litigation in the immediate future. The Court finds Plaintiffs have not carried their burden to sufficiently allege a "case or controversy" in order for the Court to exercise judicial power under Article III of the Constitution. Plaintiffs' First Amended Complaint must be dismissed for lack of subject matter jurisdiction.

## III.   CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendants' Motion to Dismiss the First Amended Complaint **(Docket No. 13, filed May 12, 2005)** is GRANTED.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss **(Docket No. 6, filed March 31, 2005)** is MOOT.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Summary Judgment **(Docket No. 12, filed May 3, 2005)** is MOOT.

IT IS FURTHER ORDERED that Defendants' Motion to Stay Briefing and Oral Argument With Respect to Plaintiffs' Motion for Summary Judgment **(Docket No. 16, filed May 16, 2005)** is MOOT.

IT IS FURTHER ORDERED that this action is DISMISSED without prejudice.


                                        /s/ DENISE PAGE HOOD
                                        DENISE PAGE HOOD
                                        United States District Judge
DATED: March 28, 2006


          I hereby certify that a copy of the foregoing document was served upon counsel of record
on March 28, 2006, by electronic and/or ordinary mail.

                                        s/William F. Lewis
                                        Case Manager

8